Wilson, et. al. v. Dynatone, et. al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2017

Docket No. 17-1549-cv

November 14, 2018

_____

John Wilson, Charles Still, Terrance Stubbs,

*Plaintiffs-Appellants*,

v.

Dynatone Publishing Company, UMG Recordings, Inc., Unichappell Music, Inc.,

*Defendants-Appellees*.

_____

Before:

PIERRE N. LEVAL, GUIDO CALABRESI and JOSE A. CABRANES, *Circuit Judges*.

Defendants petition for rehearing following this panel's decision in *Wilson v. Dynatone*, 892 F.3d 112 (2d Cir. 2018). That petition is DENIED.

> LITA ROSARIO, PLLC,
> Washington, DC, *for Plaintiffs-Appellants*.


> ROBERT A. JACOBS
> MANATT, PHELPS & PHILLIPS LLP
> Los Angeles, CA, *for Defendants-Appellees*.

LEVAL, *Circuit Judge*:

In this dispute over ownership of the renewal term copyrights in certain musical compositions and sound records, we vacated the district court's grant of Defendants' motion under Fed. R. Civ. P. 12(b)(6) to dismiss for untimeliness and remanded for further proceedings. *Wilson v. Dynatone*, 892 F.3d 112 (2d Cir. 2018). Defendants petition for reconsideration, arguing that our ruling was incorrect and that Plaintiffs' suit was untimely because under § 205(c) of the Copyright Act, Plaintiffs' ownership claim accrued—triggering the running of the statute of limitations—when Defendants registered their claim of ownership in the Copyright Office. Section 205(c) states:

> Recordation of a document in the Copyright Office gives all persons constructive notice of the facts stated in the recorded document, but only if—(1) the document, or material attached to it, specifically identifies the work to which it pertains . . . and (2) registration has been made for the work.

We reject Defendants' argument that, at least in the circumstances of this case, registration, without more, triggers accrual of an ownership claim. Their interpretation of § 205(c) would mean that after authoring a work, an author would need to constantly monitor the Copyright Office registry to be

sure that no one has registered a spurious claim of authorship, on pain of losing their ownership of the copyright three years after the spurious registration. Defendants' interpretation would thus impose on authors an intolerable and unrealistic burden, and would open fertile opportunities for thieves to steal copyrights by simply filing baseless registrations for previously created works.

A number of our sister circuits have considered and rejected Defendants' argument that copyright registration triggers the accrual of a claim. In *Gaiman v. McFarlane*, 360 F.3d 644 (7th Cir. 2004), Judge Richard Posner, writing for the Seventh Circuit, asserted, "Authors don't consult the records of the Copyright Office to see whether someone has asserted copyright in their works . . . . [I]t is no more the purpose of registration to start statutes of limitations running than it is the purpose of the copyright notice itself to do so." *Id.* at 654–55. The Third Circuit similarly ruled that "[t]he act of registering a copyright does not repudiate co-authorship . . . because co-authors are not expected to investigate the copyright register for competing registrations. . . . [Otherwise, a] challenger to a plaintiff's authorship could surreptitiously apply for copyright registration of the

plaintiff's work to start the statute of limitations running and, if the plaintiff did not discover the registration until three years thereafter, the plaintiff's authorship would be nullified." *Brownstein v. Lindsay*, 742 F.3d 55, 71–72 (3d Cir. 2014) ("The act of registering a copyright does not repudiate co-authorship[.]"). *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 390 (6th Cir. 2007).

We recognize that not all courts have reached the same conclusion. In *Saenger Org. v. Nationwide Licensing Ins. Assoc.*, 119 F.3d 55 (1st Cir. 1997), the First Circuit held that a defendant claiming ownership rights as the result of having co-authored a work was time-barred where his claim was asserted more than three years after the plaintiff's registration as the sole author. *Id.* at 63–64. The court observed that, under § 205(c), the registration "put the world on constructive notice as to the [plaintiff's] ownership of the copyright and of the facts stated in the registration certificate," and accordingly the defendant "had constructive notice of [the plaintiff's] claim of exclusive ownership of the copyrights." *Id.* at 66. However, the court also relied for its conclusion on the fact that the defendant had actual as well as constructive notice of the plaintiff's claim to sole authorship because the defendant had been present

4

when the plaintiff drafted the copyright registration, and because the defendant had worked with materials that displayed notices attributing sole authorship to the plaintiff. *Id.* at 65–66. Because the First Circuit relied also on actual notice, it is not so clear that it would have deemed an author's claim of ownership time-barred solely because of another's registration of a copyright claim more than three years before the suit. In any event, to the extent that mere adverse registration formed the basis of the First Circuit's ruling, we respectfully disagree. Section 205 generally relates to transfers of title, and each subsection is properly read in that context. *See Gaiman*, 360 F.3d at 655 (reasoning that the purpose of § 205(c) is to establish priority in the event of disputes, in bankruptcy court or elsewhere, over creditors' rights).[1]

Section 205 does not state that ownership claims filed more than three years after an adverse registration are untimely, nor that a claim of ownership accrues upon an adverse registration. The discovery rule for determining when a claim accrues is itself entirely a common law development. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 616 (7th Cir. 2014)

---

[1] *Gaiman* relied for this proposition on *In re World Auxiliary Power Co.*, 303 F.3d 1120 (9th Cir. 2002) and *Broadcast Music, Inc. v. Hirsch*, 104 F.3d 1163 (9th Cir. 1997), which treats the "constructive notice" provision of § 205(c) respectively as a means of establishing priority for security interests and ownership transfers. *See In re World*, 303 F.3d at 1125–26; *Broadcast Music, Inc.*, 104 F.3d at 1165.

("[I]n copyright cases the discovery rule is a common-law gloss."). And, contrary to what Defendants argue, we have never held that mere registration, without more, is enough to put a reasonably diligent copyright owner on notice of an adverse claim. We join the Circuits that have rejected the Defendants' reading of § 205(c).

## CONCLUSION

For the reasons stated above, the petition for rehearing is denied.